**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD BURTON, | : | |
| | : | Civil Action No. 08-311 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PROJECT RENEWAL, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

RONALD BURTON, Plaintiff Pro Se
# 200572
Hudson County Correctional Center
C-500-WEST
35 Hackensack Avenue
Kearny, New Jersey 07032

**CHESLER**, District Judge

Plaintiff Ronald Burton, currently confined at the Hudson County Correctional Center in Kearny, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  It appearing that plaintiff qualifies to proceed in forma pauperis, the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to file the Complaint without prepayment of fees.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should be dismissed.

## I.   BACKGROUND

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Plaintiff Ronald Burton ("Burton") alleges that defendant entity, Project Renewal, should be held liable for money damages in the amount of $50,000 because Burton fractured his right hand between a metal bed and metal lock.  The accident occurred on September 23, 2007 at 10:23 p.m.  Plaintiff was taken to the Beth Israel Hospital in Manhattan, New York for treatment.  Burton further alleges that he asked administrative coordination to have the bed fixed after the incident, but it has not been repaired. (Complaint, ¶¶ 3b, 4 and 5).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is

required to identify cognizable claims and to <u>sua</u> <u>sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro</u> <u>se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within

4

the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other
proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

IV.  ANALYSIS

A.  Failure to Protect Claim

Prison officials have a duty under the Eighth Amendment to

"take reasonable measures to guarantee the safety of the

inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  To state

a claim under the Eighth Amendment, an inmate must satisfy an

objective element and a subjective element.  Id. at 834.

To prevail on a failure to protect claim under 42 U.S.C. §

1983, an inmate must show that he is "incarcerated under

conditions posing a substantial risk of serious harm," and that

the defendant was deliberately indifferent to the risk.  Id. at

833, 837.  To establish deliberate indifference, a plaintiff must

show that the prison official was subjectively aware of the risk

of harm to the plaintiff's health or safety, and disregarded it.

5

Id. at 837.  "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). Knowledge may be shown where the official has actual notice of the risk, Nami v. Fauver, 82 F.3d 63, 67-68 (3d Cir. 1996), or where the risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and must have known about it."  Farmer, 511 U.S. at 842.

Here, Burton alleges that he fractured his hand because his bed was broken.  He does not allege that the defendant knew of the broken bed until after plaintiff's accident when plaintiff asked defendant to fix the bed.  Consequently, at most, defendant was negligent for failing to maintain a safe environment at Project Renewal.  Claims of negligence, without a more culpable state of mind, do not constitute deliberate indifference.  See Singleton v. Pennsylvania Dept. Of Corrections, 266 F.3d 186, 193 n.2 (3d Cir. 2001).  Although the broken bed may pose a substantial risk, Burton's allegations against the defendant do not reflect the deliberate indifference required to impose

liability under the Eighth Amendment.[1]  Accordingly, this Court finds that this claim of negligence is not actionable under § 1983.[2]

B.  No Diversity Jurisdiction Over Negligence Claim

Moreover, this Court finds that no diversity jurisdiction exists in this matter even if Burton's Eighth Amendment claim was construed as simple negligence under state law.  Burton can bring such common law claims in federal district court pursuant to 28

---

[1]  To the extent that plaintiff may be a pretrial detainee, the Fourteenth Amendment governs his claim.  See Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000)(pretrial detainees retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment). Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979).  Fuentes, 206 F.3d at 341-42.  In Bell, the Court explained that the government has legitimate interests that stem from its need to maintain security and order at a jail or detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Bell, 441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  Id. at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  Id. at 539 n.20, 561-62.  In this case, plaintiff's allegations of simple negligence do not suggest "unconstitutional punishment" to give rise to a Fourteenth Amendment failure to protect claim under § 1983.

[2]  See also Daniels v. Williams, 474 U.S. 327 (1986)(holding that the Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property).  In Daniels, the Court found that an inmate who was injured when he slipped on a pillow negligently left on the stairs by the deputy sheriff does not state a claim under § 1983.

7

U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.

Here, Burton's averred amount in controversy is $50,000. Consequently, he does not satisfy all the requirements for diversity jurisdiction.  Therefore, the Court has no subject matter jurisdiction over any state law claim that may be construed from the Complaint against this defendant, pursuant to 28 U.S.C. § 1332(a).[3]

## V. CONCLUSION

Therefore, for the reasons expressed above, the Court will dismiss the Complaint without prejudice at this time for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  To the extent that Burton may be alleging state law claims only as against the defendant, the Complaint is dismissed for lack of subject matter jurisdiction.  An appropriate Order follows.


S/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: January 29, 2008

---

[3]  The Court notes that this dismissal does not operate to preclude plaintiff from bringing his common law negligence claim in the appropriate state court to recover damages.

8